Filed 5/19/25  M.M. v. Superior Court CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| M.M., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF VENTURA COUNTY, <br><br> Respondent; <br><br> VENTURA COUNTY HUMAN SERVICES AGENCY, <br><br> Real Party in Interest. | 2d Juv. No. B344104 <br> (Super. Ct. No. J073545) <br> (Ventura County) |

M.M. (Father) petitions for extraordinary writ, challenging the juvenile court's order bypassing reunification services and setting the matter for a selection and implementation hearing

regarding his son, M.M., Jr. (Jr.).  (Welf. and Inst. Code, § 366.26;[1] Cal. Rules of Court, rule 8.452.)  We deny the petition.

FACTUAL AND PROCEDURAL HISTORY

In August 2024, the Ventura County Human Services Agency (the Agency) received a referral alleging V.M. (Mother) appeared intoxicated while caring for M.M., Jr., who was a newborn baby.  During a welfare check on Mother at her home, Mother's breathalyzer test registered twice the legal limit.  Jr. was in his bassinet with blankets near his face.  Mother was arrested for child endangerment.  Father was not present during the incident.

The Agency filed an amended dependency petition alleging Father had substance abuse issues, as evidenced by his substance abuse-related arrest history, and that his substance abuse periodically interfered with his ability to provide adequate care and supervision over his five-month old son, Jr.  Additionally, the petition alleged Father knew or reasonably should have known about Mother's substance abuse issues and that he failed to intervene and adequately protect Jr.  The petition also alleged Father recurrently engages in domestic physical and verbal abuse.  At the detention hearing, the juvenile court ordered Jr. to be detained.  He was placed in a foster home.

In September 2024, the Agency filed the jurisdiction report recommending the juvenile court sustain the petition and declare Jr. a dependent of the court (§ 300).  The report stated that Father was "bypass eligible" for family reunification services under section 361.5, subdivision (b)(12) due to his prior violent

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

2

felony conviction (second degree robbery in 2015). The report also noted the concerns with Father's alcohol issues, his minimization of the concerns, and that he was not forthcoming. Father also denied that Mother's alcohol use was a concern. Father and Mother also have a history of domestic violence which could endanger Jr. if they continued to participate in verbal and physical altercations in Jr.'s presence.

The Agency's report also noted that Father had been "difficult to engage and does not seem to understand the serious nature of the Agency's concerns." Father denied substance abuse, but was known to drink alcohol. He also denied domestic violence in his relationship with Mother, but there was a long history of verbal and physical violence, including one incident in July 2024 where Father punched Mother in the stomach and refused to let her or Jr. out of the car. Father also denied any knowledge of Mother's prior substance abuse use, probation terms, or her prior dependency, but Father had contact with the Agency and social workers in the past regarding her prior dependencies.

Despite acknowledging Father was bypass eligible, the Agency recommended Father be offered family reunification services so that he has the "opportunity to address his issues with violence and benefit from learning new skills to address his issues with interpersonal relationship conflict, which would benefit the child." The Agency proposed a case plan for Father to address these issues.

In October 2024, the Agency changed its recommendation to bypassing reunification services for Father pursuant to section 361.5, subdivision (b)(12). The next month, the Agency submitted a memorandum with updated information, including excerpts

3

from transcripts of Mother's jail phone calls. In multiple phone calls, Father was intoxicated or admitted to drinking or smoking marijuana. In other phone calls, Mother discussed multiple and repeated domestic violence incidents that occurred with Father. In subsequent memorandums, the Agency reported there was no record of Father taking any tests, appointments, or "walk in" appointments at the drug testing site. As of January 2025, there was no documentation that Father had engaged in any domestic violence services. The Agency also reported in January 2025 that it had concerns about Father's "limited engagement and hesitancy to begin participating [in] services." "Since the conception of this case in August of 2024, there has been no meaningful participation in services and both parents have minimized/denied the safety concerns of the child."

At the contested jurisdiction hearing, the juvenile court sustained all the allegations in the petition, set a section 366.26 hearing, and denied reunification services for Father. The court found by clear and convincing evidence that Father had been convicted of a violent felony as defined in Penal Code, section 667.5, subdivision (c) and bypassed Father's reunification services pursuant to section 361.5, subdivision (b)(12). The court also found that reunification services would not be in Jr.'s best interest given Father's dishonesty and unwillingness to acknowledge his substance abuse and domestic violence issues.

DISCUSSION

Father contends the juvenile court's order denying reunification services was based on a "lack of evidence, biased judg[]ment[,] and retaliatory measures." The Agency contends Father's writ petition is "plainly inadequate" because it does not

4

assert precise arguments, allege error, or cite properly to the record or legal authority. We agree with the Agency.

A writ petition to review an order setting a hearing under section 366.26 must include: a summary of "significant facts, limited to matters in the record," "a separate heading or subheading summarizing the point and support each point by argument and citation of authority," reference to the record by citation, and an explanation of the significance of any cited portion of the record. (Cal. Rules of Court, rule 8.452(a), (b); *Cheryl S. v. Superior Court* (1996) 51 Cal.App.4th 1000, 1005.) If a petition does not "present an adequate record, argument, and points and authorities," the petition may be dismissed. (*Cheryl S.*, at p. 1005.)

Father's writ petition is inadequate. It does not include a summary of significant facts or an "argument" section. It does not cite to any legal authority or the record. Most significantly, his petition does not specify any error allegedly committed by the juvenile court.

Even on the merits, we conclude there was no error. When a juvenile court's decision to bypass reunification is challenged, we apply the substantial evidence rule. (*In re Brooke C.* (2005) 127 Cal.App.4th 377, 382.) "We review the record in the light most favorable to the trial court's order to determine whether there is substantial evidence from which a reasonable trier of fact could make the necessary findings based on the clear and convincing evidence standard." (*In re Isayah C.* (2004) 118 Cal.App.4th 684, 694, italics omitted.)

Here, it was undisputed that Father had been convicted of second degree robbery, a violent felony as defined in Penal Code, section 667.5, subdivision (c)(9). This was grounds to bypass

reunification services pursuant to section 361.5, subdivision (b)(12).

Father's claims of bias and retaliation are not supported in the record.  In our view, the record reflects the Agency's change in recommendation was based on Father's resistance to services and his continued minimalization of substance abuse and domestic violence issues.

## DISPOSITION

The petition for extraordinary writ is denied.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____

M.M., in pro. per., for Petitioner.

No appearance for Respondent.

Tiffany N. North, County Counsel, Joseph J. Randazzo, Assistant County Counsel, for Real Party in Interest.